### A. T. D. HUGHES v. H. M. SWARTZ.

[FILED OCTOBER 21, 1891.]

Debtor and Creditor: CLAIMS ASSUMED BY THIRD PARTY:
   COMPROMISE WITH CREDITORS. S. was engaged in the mer-
   cantile business, and being largely indebted to wholesale houses
   for his stock of goods, sold out his business to W. & H., who
   gave their three promissory notes as part of the purchase price.
   In order to secure the payment of the amounts due the creditors
   of S., by agreement of all the parties, including W. & H., the
   notes were placed in a bank at Auburn as trustee, with a list of
   the creditors and the amount due each, with instructions to use
   so much of the money paid to the bank on the notes as was nec-
   essary to pay the creditors of S.  Subsequently H., without the
   knowledge of S., compromised with the wholesale men by dis-
   counting their claims.  In an action by S. on two of the notes
   it was *held*, that H. was entitled to be credited only with the
   amounts actually paid by him in settlement of the claims.

ERROR to the district court for Nemaha county.  Tried
below before APPELGET, J.

*Stull & Edwards,* for plaintiff in error.

*E. W. Thomas,* and *G. W. Cornell, contra.*

NORVAL, J.

On the 27th day of April, 1885, the defendant in error was engaged in the mercantile business at Howe, in Nemaha county, and was indebted to a number of wholesale houses for his stock of goods. On said date he sold the business to the plaintiff in error Amos T. D. Hughes and one Edward S. Wykert, who continued the business under the firm name of Wykert & Hughes for a time, when the firm dissolved by Wykert retiring.

At the time of the sale of the stock of goods, and as a part of the purchase price, Wykert & Hughes executed their three promissory notes to Swartz, two for $500 each, due respectively in one and two years from date, and the other for $1,000, due in four years, all bearing interest at the rate of eight per cent per annum. At the time of the purchase and execution of these notes, Swartz informed the purchasers of the names of the wholesale merchants to whom he was indebted for the stock, the amount due each, and stated that he wished to arrange for the payment of said creditors. In order to secure the payment of the amounts due the several creditors of Swartz the three notes were, by agreement of all the parties, deposited with the bank at Auburn, as trustee, with instructions to the bank to use so much of the money when paid on the notes as would be necessary to pay the creditors of Swartz, a list of his creditors, with the amount due each, being at the time furnished to the bank. Subsequently Hughes, without the knowledge of Swartz, compromised with all the wholesale men by discounting all their claims against the defendant in error, for the payment of which the three notes given by Wykert & Hughes

were held by the bank as collateral security, and took an assignment of the claims to himself.

This action was brought in the court below by the defendant in error against the plaintiff in error and Edward S. Wykert, on the two promissory notes of $500 each, above referred to. Service of summons was not made upon Wykert, nor did he appear in the action. Hughes answered admitting the execution and delivery of the notes. As a counter-claim he set up the said claims paid by him to an amount in excess of the sum due on the two notes sued upon, and also alleged that the $1,000 not yet due was outstanding, with prayer that the excess found to be due him on his counter-claim, over and above the amount found due the plaintiff on the two notes, be declared a payment on the $1,000 note. The case was tried to the court, who found that there was due the defendant in error on his cause of action the sum of $1,315.76; that there was due the plaintiff in error on his counter-claim $1,362.68, and judgment was rendered in favor of the plaintiff in error for $46.92.

The face value of the claims paid by Hughes, including interest to the date of the trial, amounted to $2,569.70. The trial court held that Hughes was only entitled to a credit for the amount actually paid to compromise the claims. There is no disputed question of fact. The only point presented to us for consideration and decision is whether Hughes should be allowed the face value of the claims, or only the amount actually paid?

We are all agreed that Hughes should be credited only with the amount actually paid by him in settlement of the claims. The notes given by Hughes & Wykert were held by the bank as trustee. By agreement of all the parties Hughes was to pay the notes to the bank and with the proceeds it was to pay the creditors of Swartz. The surplus, if any, belonged to Swartz. Instead of paying the money to the trustee, according to the arrangement, he

compromised with the creditors, which operated as a payment of the claims. Swartz was entitled to the benefit of the compromise. Had a stranger to the transaction purchased the claims of the creditors at a discount he would have been entitled to their face value. But that is not this case. Hughes was not a stranger to the arrangement, but a party to it. His relation to the agreement, whereby the notes were placed in the hands of the bank, was such that he ought not to be permitted to reap the benefit of the compromise made with the creditors of Swartz. (*Catron v. Shepherd*, 8 Neb., 308.)

The judgment is

AFFIRMED.

THE other judges concur.